UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BORIS IOSELEV,

    Plaintiff,

vs.                                             Case No. 3:10-cv-1091-J-34MCR

IRINA SCHILLING and
ARKADY LYUBLINSKY

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants/Counterclaim Plaintiffs, Irina Schilling and Arkady Lyublinsky's ("Defendants"), Motion to Strike (Doc. 93) filed October 26, 2011.  Plaintiff/Counterclaim Defendant, Boris Ioselev ("Plaintiff") filed a response in opposition to this Motion on October 11, 2011 (Doc. 102).  Accordingly, the matter is now ripe for judicial review.

### I. BACKGROUND

On November 30, 2009, Plaintiff, who is proceeding pro se, filed a complaint in the District Court of New Jersey alleging breach of contract and a claim of conversion against the Defendants, Irina Schilling and Arkady Lyublinsky (who are Plaintiff's step-daughter and step-grandson, respectively).  (Doc. 1).  On June 17, 2010, Plaintiff filed an amended complaint again alleging breach of contract and conversion claims.  (Doc. 28).  Shortly thereafter, on June 29, 2010, Defendants, who are also proceeding pro se, filed their answer, which included a counterclaim against Plaintiff.  (Doc. 30).  The case was transferred to this Court on December 1, 2010.  (Doc. 80).  Plaintiff filed his answer

to Defendants' counterclaim on October 11, 2011 in which he raised five affirmative defenses. (Doc. 91). Defendants then filed the instant motion, asking the Court to strike all five affirmative defenses and alleging the defenses are not properly pled and are insufficient as a matter of law. (Doc. 93). Plaintiff responds by arguing the affirmative defenses provide sufficient information to put Defendants on notice and therefore, should not be stricken. (Doc. 102).

## II. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Board of Pubic Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).

Finally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

As previously decided by this Court, the heightened pleading standard set forth in the Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), do not apply to affirmative defenses. See generally Adams v. JP Morgan Chase Bank, N.A., 3:11-CV-337-J-37MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011). The Eleventh Circuit has repeatedly emphasized that the purpose of Rule 8(c) is simply to provide the opposing party with notice of an affirmative defense that may be raised at trial. Jackson v. City of Centreville, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (citing Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) and Hewitt v. Mobile Research Technology, Inc., 285 F.App'x. 694, 696 (11th Cir. 2008)). Therefore, this court will review each of Plaintiff's affirmative defenses to determine if they adequately put Defendants on notice of an affirmative defense that may be raised at trial.

    **A.**    **Plaintiff's First Affirmative Defense**

Plaintiff's first affirmative defense alleges "Defendants' single counterclaim is barred by the statute of limitations." (Doc. 91, p. 7). Defendants' argue this affirmative defense should be stricken because it is not supported by sufficient facts and because it is legally insufficient. (Doc. 93, pp. 2, 4). The statute of limitations is a valid defense. In fact, it is one of the listed affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Moreover, the undersigned finds simply stating Defendants' claim is barred by the statute of limitations is sufficient alone to put Defendants on notice. See

Blanc v. Safetouch, Inc., No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (noting that "[u]nder federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. . . . Thus, for example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements").

Defendants also argue this affirmative defense should be stricken because their counterclaim simply seeks recoupment and recoupment is a compulsory counterclaim. Defendants point out that the statute of limitations is tolled for compulsory counterclaims at the time the plaintiff files the complaint. While Defendants are correct, it is not entirely clear that their counterclaim simply seeks recoupment and as such, the undersigned is not convinced there are no set of facts under which this defense could succeed. Therefore, the Court will decline to strike Plaintiff's first affirmative defense at this time.

### B. Plaintiff's Second, Third, and Fourth Affirmative Defenses

Plaintiff's second affirmative defense alleges "Defendants' counterclaim is barred due to ratification and estoppel." (Doc. 91, p. 7). Plaintiff's third affirmative defense alleges "Defendants' counterclaim is barred by waiver," and Plaintiff's fourth affirmative defense alleges "Defendants' counterclaim is barred under the doctrine of laches." (Doc. 91, p. 7). In addition, Plaintiff stated in paragraph 38 of his Answer:

> Additionally, Ioselev submits that, at all relevant times, Defendants fully approved and ratified all actions of Ioselev with regard to their Florida investments; they applied for mortgages, signed closing documents, contracts with the builders, tenants, and contractors, collected rents, sold the properties with considerable profits, and kept all the profits. Consequently, Defendants waived any right to raise this counterclaim now. Furthermore, Defendant's are estopped

>   from raising their counterclaim under the doctrine of laches,
>   which is subject to the same four-year statute of limitations.

(Doc. 91, pp. 6-7).  The language in paragraph 38 appears to be the factual basis for Plaintiff's affirmative defenses.  While it would have been preferable for Plaintiff to have included these factual allegations with the affirmative defenses, a mere mistake of labeling does not justify striking affirmative defenses.  See Rule 8(c), Fed.R.Civ.P. (mislabeling of affirmative defenses and counterclaims should be corrected by the court in the interest of justice); see also Goodbys Creek , LLC v. Arch Ins. Co., No. 3:07-cv-947-J-34HTS, 2009 WL 1139572 at *3 (M.D. Fla. Apr. 27, 2009) (finding the remedy for the mislabeling of defenses as denials is to treat them as denials, not strike them).  Accordingly, the Court will proceed as though Plaintiff had correctly included this language with his affirmative defenses.

The issue then becomes whether Plaintiff provided sufficient information to put Defendants on notice of the defenses that may be raised at trial.  Rule 8 does not require a party to state detailed factual allegations.  See Jirau v. Camden Development, Inc., No. 8:11-cv-73-T-33MAP, 2011 WL 2981818 at *2 (M.D. Fla. July 22, 2011).  The rule instead "requires a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P.  As a result, when considering the factual allegations in paragraph 38 of the Answer in conjunction with the listed affirmative defenses, this Court finds Plaintiff has provided sufficient information to put Defendants on notice as to the defenses that may be raised at trial.

Defendants also argue that Plaintiff's fourth affirmative defense should be stricken because Plaintiff failed to show that any of the elements of laches had been met.  (Doc. 93, p. 3).  However, as previously stated, an affirmative defense is invalid as a matter of

law only if it appears that the party cannot succeed under any set of facts which it could prove. Florida Software Systems, Inc., 1999 WL 781812, at *1. That is not the case here. Plaintiff has alleged sufficient facts in paragraph 38 of his Answer which may, if proven, show laches on the part of Defendants. Therefore, because affirmative defenses two through four, in conjunction with paragraph 38, adequately put Defendants on notice as to what defenses may be raised at trial and the fourth defense is not invalid as a matter of law, these defenses will not be stricken.

### E. Plaintiff's Fifth Affirmative Defense

Plaintiff's final affirmative defense alleges "[a]t all times, counterclaim defendant acted in good faith and did not breach his fiduciary duty." (Doc. 91, p. 7). This alleged defense appears to be a denial rather than a defense. When a defendant "labels a specific denial as a defense . . . the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." FDIC v. Bristol Home Mortg. Lending, LLC, No. 08-81536-CIV, 2009 WL 2488302 at *3 (S.D. Fla. Aug. 13, 2009). Therefore, this Court will treat this defense as a denial rather than an affirmative defense and it will not be stricken.

After due consideration, it is hereby

**ORDERED**:

Defendants' Motion to Strike Plaintiff's Affirmative Defenses (Doc. 93) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of November, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Parties