**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BORIS IOSELEV,

           Plaintiff,

vs.                                   Case No. 3:10-cv-1091-J-34MCR

IRINA SCHILLING and
ARKADY LYUBLINSKY,

           Defendants.

_____

<u>**ORDER**</u>

     **THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report

and Recommendation (Doc. No. 125; Report), entered on October 30, 2012.  In the Report,

the magistrate judge recommends that Defendant's [sic] Motion for Summary Judgment (Doc.

No. 112; Defendants' Motion) be granted, in part, and denied, in part, and that Plaintiff's

Motion for Summary Judgment (Doc. No. 113; Plaintiff's Motion) be denied.  <u>See</u> Report at

24.  The magistrate judge also recommends that the Defendants' request to strike Plaintiff's

affidavits contained in their response to Plaintiff's Motion be denied.  <u>Id.</u>  While neither party

filed a timely objection to the Report, Plaintiff filed Plaintiff's Objections to Report and

Recommendation (Doc. No. 128; Objections) on November 29, 2012.  In his Objections,

Plaintiff represents that he did not receive the Report until November 15, 2012, because

Hurricane Sandy interrupted postal service and caused substantial delay in the arrival of his

mail.  <u>Id.</u> at 1.  In light of these representations, the Court will consider Plaintiff's Objections

in the interests of justice.  <u>See, e.g.</u>, <u>Neil v. Wainwright</u>, 512 F. Supp. 92, 94 n.1 (M.D. Fla.

1981); <u>Mackler v. Thompson</u>, No. 1:11-CV-45 (WLS), 2012 WL 4092657, at *1 (M.D. Ga. Sept. 17, 2012).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a <u>de novo</u> review of those findings.  <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>see also</u> 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions <u>de novo</u>.  <u>See</u> <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

As Plaintiff has filed objections, the Court will first address the issues Plaintiff has raised.  Several of Plaintiff's objections relate to the characterization of the evidence he submitted in support of Plaintiff's Motion.  First, he contends that the magistrate judge erred in characterizing the property records he submitted as "unauthenticated deeds" because they were "certified copies of real estate records as maintained by Flagler County Appraiser's office."  Objections at 1.  Further, Plaintiff argues that the documents the magistrate judge referred to as "an unsigned 'certificate' from Defendant Schilling; an unauthenticated settlement statement for a property of Defendant Schilling's; an unauthenticated capital gains and losses form for Paul and Irina Schilling . . ."[1] were documents that Defendants provided to him in discovery.  <u>Id.</u> at 2 (quoting Report at 5 n.4).  However, Plaintiff appears to

---

[1]        In listing the documents Plaintiff filed in support of his Motion, the magistrate judge omitted an unsigned list of dollar amounts purporting to delineate the amount of profits or lack thereof from the purchase and sale of 119 Boulder Rock Drive, which is labeled as Exhibit A.  <u>See</u> (Doc. No. 113-1) at 28.

misunderstand the authentication requirement for evidence submitted to the Court for consideration on a motion for summary judgment.  As the Court explained in its Order dated September 22, 2011 (Doc. No. 89; September 22 Order):

> To be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of [Rule 56] and the affiant must be a person through whom the exhibits could be admitted into evidence." Saunders v. Emory Healthcare, Inc., 360 F. App'x 110, 113 (11th Cir. 2010), cert. denied, 131 S. Ct. 1473 (2011); Fed. R. Civ. P. 56; see also Carr v. Tatangelo, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003) (preliminary report submitted without attestation had no probative value and was not considered in ruling on motion for summary judgment); Roger Kennedy Constr., Inc. v. Amerisure Ins. Co., 506 F. Supp. 2d 1185, 1192 (M.D. Fla. 2007) (court cannot consider documents filed in support of summary judgment because they are not properly authenticated).

September 22 Order at 12 n.8.  As Plaintiff did not comply with the above requirements in submitting these documents, the magistrate judge correctly referred to the them as "unauthenticated" and these objections are due to be overruled.  Nevertheless, even if Plaintiff had properly authenticated the documents he submitted in support of his Motion, the Court's analysis would remain unchanged.  Thus, his objection in this regard is due to be overruled.

In arguing that summary judgment should be entered on his claims, Plaintiff also contends that the magistrate judge ignored evidence because he specifically referred only to the affidavits of two individuals who overheard Plaintiff and Defendant Schilling entering into the contract at issue in this case.  Objections at 7.  Plaintiff describes additional evidence from other affidavits that he believes establishes not only the existence of the contract but also his fulfillment of that contract by performing various tasks associated with the buying and selling of real estate for Defendants.  See id. at 7-9.  Based on this evidence, Plaintiff

contends that summary judgment should have been granted. This objection is without merit. In the Report, the magistrate judge, without giving an exhaustive list of all the evidence in the record, explains that there are conflicting affidavits which create questions of material fact as to the existence of a contract, and thus those questions of fact preclude the entry of summary judgment. See Report at 22-23. Accordingly, this objection is due to be overruled.

Similarly, Plaintiff argues that the submission of real estate records definitively demonstrates that he made profits for Defendants because they bought and sold property for a profit, and therefore summary judgment should be granted as to his unjust enrichment claim. See Objections at 2-3. Plaintiff contends, based on this same evidence and reasoning, that he is entitled to summary judgment on Defendant Lyublinsky's[2] counterclaim because Defendant Lyublinsky cannot show that he suffered any damage as a result of Plaintiff's alleged breach of his fiduciary duty when both Defendants actually benefitted from his actions. See id. at 5-7. The fact that Defendants bought and sold property (even if for a profit) does not establish that Plaintiff's actions contributed to those sales and that those sales resulted in net profits to Defendants.[3] While Plaintiff may ultimately be able to prove

---

[2]     Although the counterclaim for breach of fiduciary duty appears to be asserted on behalf of both Defendants, the counterclaim is based on Plaintiff's alleged abuse of the power of attorney Defendant Lyublinksy had given him. Therefore, it appears that only Defendant Lyublinsky can assert this counterclaim. Additionally, the Court notes that some of the allegations in the counterclaim pertain to Defendant Schilling, specifically that she has suffered damages as a result of harassment through this lawsuit. See Answer of Defendants, Irina Schilling and Arkady Lyublinsky to Plaintiff's Complaint with Affirmative Defenses (Doc. No. 30; Counterclaim) at ¶ 32. However, the New Jersey District Court's Order (Doc. No. 52) granted in part and denied in part Plaintiff's motion to dismiss the counterclaim, construing the surviving counterclaim solely as one for breach of fiduciary duty. Thus, the counterclaim before this Court is the claim for breach of fiduciary duty which appears to be brought solely by Defendant Lyublinsky.

[3]     The Court recognizes that, in one of the admissions which was not withdrawn, Defendants admit that "several properties that Defendants owned in Florida were sold with a profit to Defendants." See Plaintiff's Request for Admissions to Defendants (Doc. No. 35-3; Admissions) at ¶ 36.

(continued...)

both of his contentions at trial, he has not established the absence of a material fact simply by introducing property deeds in support of his Motion.  Therefore, both of these objections are due to be overruled.

With respect to his unjust enrichment claim, Plaintiff argues that the magistrate judge erroneously determined that an issue of fact exists as to whether he was compensated for any of the work he performed in relation to Defendants' real estate investments.  Objections at 2.  Defendants, in their Motion, argue that they are entitled to summary judgment because Plaintiff was compensated for his work and attach W-2 forms from Global Computing Associates, Inc. (Global) for the years 2000, 2001, and 2002 as evidence of that compensation.  <u>See</u> Defendants' Motion at 3.  In response, Plaintiff argues that he did not perform any duties related to real estate investments in Florida while employed at Global, he ended his employment there in May of 2002, and the services that he has not been compensated for were provided from 2002 to 2009.  <u>See</u> Plaintiff's Response to Defendants' Motion for Summary Judgment and Memorandum in Support (Doc. No. 115; Plaintiff's Response) at 8.  The magistrate judge determined that issues of fact exist regarding whether any payment was made or services were performed, noting that neither party established whether services were or were not performed that benefitted Defendants and whether Plaintiff was compensated for those services.  <u>See</u> Report at 16-17.  While in his Objections Plaintiff attempts to rely on requests for admission to establish that the work he performed for Global did not include any of the tasks he is now seeking recovery for, those admissions

---

[3](...continued)
However, this admission does not establish as a matter of law that Defendants were unjustly enriched by such profits.

were deemed withdrawn in the Court's September 22 Order.  See September 22 Order at 19,

21.  As discussed above, Plaintiff has not established as a matter of law that he conferred

benefits to Defendants or the value of those benefits.  Thus, the magistrate judge properly

concluded that questions of fact exist as to this claim and Plaintiff's objection is due to be

overruled.

Next, Plaintiff objects to the magistrate judge's failure to enter summary judgment[4] on

the Defendants' affirmative defenses of waiver, unclean hands and laches, "as plaintiff

requested."  See Objections at 5.  Initially, the Court notes that, in Plaintiff's Motion, he does

not seek entry of summary judgment on Defendants' affirmative defenses, see generally

Plaintiff's Motion, and instead simply responds to Defendants' affirmative arguments with

respect to those defenses in his Response to Defendants' Motion.  Therefore, to the extent

that Plaintiff objects to the magistrate judge's failure to enter summary judgment as to these

issues, these objections are due to be overruled.  Nevertheless, although the magistrate

judge addressed the merits of Defendants' waiver and laches arguments, upon review of the

Defendants' Answer, the Court notes that Defendants did not assert the affirmative defenses

of waiver and laches.  See Counterclaim at 5-7.  Thus, those defenses are not properly

before the Court and need not be considered further.  See Fed. R. Civ. P. 8(c)(1) ("In

responding to a pleading, a party must affirmatively state any avoidance or affirmative

---

[4]     The Court construes Plaintiff's objections as requests for the entry of summary judgment: "the Report should state that since it is a dispositive summary judgment defendants' claim of waiver should be denied as plaintiff requested"; "[t]he Report should positively state that since the defendants did not produce any evidence to support the doctrine of unclean hands and this is a dispositive motion for summary judgment their claim should be dismissed, as plaintiff requested"; and "the Report should state that defendants' claim based on laches should be denied as plaintiff requested."  Objections at ¶¶6-8.

defense, including: . . . laches . . . waiver."); see also Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that defense.").

On the other hand, Defendants have asserted the affirmative defense of unclean hands in their Answer. See Counterclaim at 6. As to this claim, Plaintiff argues that because the magistrate judge found that Defendants failed to produce sufficient evidence to support their allegations, the magistrate judge should have recommended the entry of summary judgment as to this defense. However, Plaintiff, as the nonmoving party, is not entitled to summary judgment in his favor merely because Defendants failed to meet their burden as the parties requesting summary judgment. Plaintiff is subject to the same requirements as Defendants under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)) to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). As a result, Plaintiff's objection as to the failure to enter summary judgment in his favor on the defense of unclean hands is due to be overruled.

Plaintiff's remaining objection deals with the failure to enter summary judgment in his favor on the Counterclaim.[5] See Objections at 4-5, 7. In his Motion, Plaintiff argues that the Counterclaim is barred by the statute of limitations. As alleged in the Counterclaim, filed on

---

[5]     Plaintiff argues that the Report should acknowledge that Defendants have not produced any evidence to support their allegation that Plaintiff rented the subject property from Defendant Lyublinsky. See Objections at 3-4. He contends that the Statute of Frauds would require a writing to prove the existence of a lease, which is an interest in land. See id. However, Defendant Lyublinsky is not seeking to enforce a rental agreement. Although Plaintiff contends that Defendants cannot argue that Plaintiff rented the property and at the same time seek recoupment, Plaintiff's contention is incorrect. Defendants allege that they never promised or intended to give Plaintiff a life estate and instead allowed him to remain on the property if Plaintiff paid rent, at his suggestion. See Affidavit of Arkady Lyublinsky (Doc. No. 116-1; Lyublinsky Aff.) at ¶¶10-11. The claim for recoupment is based on a breach of fiduciary duty in contracting to purchase the property in the first place. See Counterclaim at ¶¶ 18-19; Lyublinsky Aff. at ¶¶2, 4-9. Therefore, these allegations are not contradictory or mutually exclusive.

June 29, 2010, the alleged breach of fiduciary duty occurred between 2003 and 2004.  See Counterclaim at ¶¶18-19.  Accordingly, if the four-year statute of limitations applies, see Fla. Stat. § 95.11(3), the claim is barred.  See Report at 20.  However, under Florida law, "a counterclaim of recoupment of money damages may be asserted even though the underlying claim itself would have been time-barred if raised as a separate cause of action."  Rybovich Boat Works, Inc. v. Atkins, 585 So. 2d 270, 271 (Fla. 1991) (citing Allie v. Ionata, 503 So. 2d 1237, 1239-40 (Fla. 1987)).  The magistrate judge found that the Counterclaim was a claim in recoupment, and thus, not barred by the statute of limitations.  See Report at 20-22. Plaintiff argues that, because the magistrate judge has recommended dismissal of his claim for money damages pursuant to the alleged oral contract as impermissible under the Statute of Frauds, Defendants have no claim for recoupment against his remaining claim for equitable relief.  See Objections at 4-5.  Upon review of Florida law, it appears that Plaintiff's understanding of the law is correct but his objection is still due to be overruled.

In Rybovich, the Florida Supreme Court, citing its earlier holding in Allie, explained that allowing a claim for recoupment that is otherwise barred by the statute of limitations is primarily based on public policy and fairness considerations, specifically that "parties who are asking a court for money damages should not be allowed to hide behind a statute of limitation to shield themselves from the consequences of their own misconduct, which has been called to the court's attention by the opposing party."  Rybovich, 585 So. 2d at 271.  The court then declined to extend these considerations to counterclaims seeking "delivery of unique or nonfungible property such as real estate."  Id. at 272.  Although the court in Rybovich was faced with a counterclaim seeking specific performance, at least one Florida appellate court

has applied the same principle where, as here, the plaintiff's claim was not one for money damages.[6]  See Admiral Sec. & Inv. Co. v. Curtis, 804 So. 2d 354, 355 (Fla. 4th DCA 2001) ("We conclude that Allie cannot be used where the claim sought to be reduced by recoupment is not a money damages claim."); see also Davis v. Starling, 799 So. 2d 373, 376 n.6 (Fla. 4th DCA 2001) ("The defensive use of recoupment, however, is not available to defeat a claim for non fungible property such as real estate or a non-damages claim to quiet title."); Caiazza v. Tuff Realty Corp., 805 So. 2d 29, 30 (Fla. 5th DCA 2001) ("We read Rybovich to narrow the holding in Allie to claims for money damages.").  As Plaintiff's claim pursuant to the alleged oral contract is limited to equitable relief, see Report at 12, neither Defendant can assert a counterclaim in recoupment to reduce Plaintiff's claim for equitable relief under the alleged oral contract.  This determination does not end the Court's inquiry, however, as Plaintiff is also asserting an unjust enrichment claim seeking money damages.  Therefore, the Court must decide whether Defendant Lyublinsky's alleged counterclaim for breach of fiduciary duty is a counterclaim of recoupment as to Plaintiff's unjust enrichment claim.

To qualify as a claim for recoupment, "the damages claimed by defendant must flow from the same contract as that relied on by the plaintiff, or must grow out of the same transaction as that on which the plaintiff's cause of action is founded."  Payne v. Nicholson, 131 So. 324, 326 (Fla. 1930).  Although the majority of Florida cases in this area involve

---

[6]    The Court finds no "persuasive indication that the [Florida Supreme Court] would decide the issue differently" than Admiral Security.  See McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002) ("[A]bsent a decision from the state supreme court on an issue of state law, [federal courts] are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.") (citations omitted).

recoupment claims asserted in contract disputes, the availability of recoupment as a defense or counterclaim does not appear to be limited to those seeking to reduce the plaintiff's recovery pursuant to a contract.  See Kasket v. Chase Manhattan Mortg. Corp., 695 So. 2d 431, 434 (Fla. 4th DCA 1997) ("Florida law permits recovery by way of recoupment even though the statute of limitations has expired when the party pleads it in defense of an action brought by the opposing party in connection with the same transaction.") (emphasis added). In essence, if a defendant's counterclaim is compulsory, as opposed to permissive, the statute of limitations does not bar its assertion (against a claim for money damages) in the defensive posture.  See Evans v. Parker, 440 So. 2d 640, 641 (Fla. 1st DCA 1983); see also Maynard v. Household Fin. Corp. III, 861 So. 2d 1204, 1207 (Fla. 2d DCA 2003) ("The distinguishing feature of a claim for recoupment is the same as a compulsory counterclaim–it must spring from the same transaction or occurrence as the underlying claim.").   For example, in Horace Mann Insurance Co. v. DeMirza, 312 So. 2d 501, 501-503 (Fla. 3d DCA 1975), a Florida appellate court held that the defendant could maintain a claim in recoupment for damages he allegedly sustained from a car accident in a negligence action that arose from that same accident.

Here, Plaintiff alleges in his claim for unjust enrichment that he "expended [a] substantial amount of time and effort to assist Defendants in their real estate investments in Florida" and that "Defendants voluntarily accepted and retained the benefit conferred on them by Plaintiff and his work."   First Amended Complaint (Doc. No. 28; Complaint)[7] at 13.

_____

[7]        Upon review of the Complaint in connection with the instant Motions, the Court notes that the Complaint is an impermissible "shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation
(continued...)

Defendant's allegations in the Counterclaim relate to these same real estate efforts and thus, grow out of the same transaction on which Plaintiff's unjust enrichment claim is founded. <u>See</u> Counterclaim at 10; Complaint at 5-7. Indeed, this case illustrates the rationale for permitting claims in recoupment that would otherwise be time-barred. Plaintiff should not be able to recover for services he allegedly provided while at the same time escaping any chance of having to answer for the related alleged breach of fiduciary duty. <u>See</u> <u>Rybovich</u>, 585 So. 2d at 271. Accordingly, Plaintiff's Motion for entry of summary judgment on the Counterclaim is due to be denied.

Having resolved Plaintiff's objections, the Court next considers the portions of the Report to which neither party filed any objections. Upon independent review and for the reasons stated in the Report, the Court will accept those legal and factual conclusions recommended by the magistrate judge. As such, in consideration of the foregoing, the Court concludes that Defendants' Motion should be granted, in part, and denied, in part, and, as

---

[7](...continued)

where most of the counts . . . contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. <u>See</u> <u>id.</u> Here, each subsequent count of the six counts in the Complaint incorporates by reference all allegations of each of the preceding counts. <u>See generally</u> Complaint. In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997).

The faulty nature of the Complaint was not raised by Defendants. Because discovery in this case is complete, and the parties have filed their dispositive motions and appear ready to try the claims as plead, the Court determines that despite the "intolerable toll" shotgun pleadings such as the instant Complaint exact on the Court's docket, <u>see</u> <u>id.</u>, the interests of the parties and the Court are best served by not requiring Plaintiffs to replead at this late date. Accordingly, while the Court has considered <u>sua sponte</u> requiring Plaintiffs to replead their Complaint, the Court determines that the better course of action in this case is to construe each count as incorporating only the allegations set forth in paragraphs 1 though 40. It does not appear that such action will prejudice Plaintiff, as none of the counts are derivative and the allegations in each of the preceding counts are not relevant or necessary for the asserted cause of action.

explained above, that Plaintiff's Motion should be denied.  Further, the Court accepts the

magistrate judge's recommendation to deny Defendants' request to strike Plaintiff's

affidavits.[8]

Additionally, the Court notes that, although Defendants generally moved for entry of

summary judgment on all of Plaintiff's claims, see Defendants' Motion at 1,6, the Report did

not address Plaintiff's claims for constructive trust, conversion, or breach of the implied

covenant of good faith and fair dealing.  In reviewing the sufficiency of these claims, the Court

determines that Plaintiff's claim for good faith and fair dealing is due to be dismissed as

duplicative of his breach of contract claim.  The covenant of good faith and fair dealing is

imposed to protect the reasonable expectations of the contracting party when it is unclear

from a contract's terms whether certain conduct is permissible.  See Shibata v. Lim, 133 F.

Supp. 2d 1311, 1318-19 (M.D. Fla. 2000).  "Because it is a gap-filling rule, the covenant

applies only when the propriety of the conduct is not resolved by the terms of the contract."

Id. at 1318.  Moreover, "a breach of the implied covenant of good faith and fair dealing cannot

be advanced when the allegations underlying the claim are duplicative of the allegations

supporting the breach of contract claim."  Saxon Fin. Group, Inc. v. Rath, No. 11-80646-CIV,

2012 WL 3278662, at *7 (S.D. Fla. Aug. 9, 2012); Shibata, 133 F. Supp. 2d at 1319. Here,

Plaintiff alleges that Defendants violated their duty of good faith and fair dealing based on the

same conduct he alleges in his breach of contract claim.  As these two claims are duplicative,

---

[8]      The Court notes including this request for affirmative relief in their response to Plaintiff's
Motion rather than filing a separate motion is improper.  See Rule 7(b)(1); see also Rosenberg v. Gould,
554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is
imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner
v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Plaintiff's claim for the breach of the implied duty of good faith and fair dealing is due to be dismissed.  <u>See</u> <u>Varnes v. Home Depot USA, Inc.</u>, No. 3:12-cv-622-J-99TJC-JBT, 2012 WL 5611055, at *1 (M.D. Fla. Nov. 15, 2012).

Accordingly, it is hereby

**ORDERED:**

1.    Plaintiff's Objections to Report and Recommendation (Doc. No. 128) are **OVERRULED**.

2.    The Magistrate Judge's Report and Recommendation (Doc. No. 125) is **ADOPTED AS MODIFIED** above.

3.    Defendants' Motion for Summary Judgment (Doc. No. 112) is **GRANTED, in part, and DENIED, in part**, as follows:

a.    The Motion is **GRANTED** as to Plaintiff's claims for money damages asserted in Count One (Breach of Contract) and Count Four (Promissory Estoppel).

b.    Otherwise, the Motion is **DENIED**.

4.    Plaintiff's Motion for Summary Judgment (Doc. No. 113) is **DENIED.**

5.    Count Six (Breach of Implied Covenant of Good Faith and Fair Dealing) of the First Amended Complaint (Doc. No. 28) is **DISMISSED without prejudice.**

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of January, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

-13-

lc16

Copies to:

Unrepresented Parties